## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ANGEL HERNANDEZ-ORTIZ, et al.,**

    **Plaintiffs,**

    **v.**                           **Civ. No. 20-1223 (ADC)**

**MUNICIPALITY OF GUAYAMA et al.,**

    **Defendants.**

## OPINION AND ORDER

Pending before this Court are co-defendants Municipality of Guayama, Eduardo E. Cintrón-Suárez, William Martínez-Gómez, and José Torres-Suárez's ("defendants") motion to dismiss at **ECF No. 15**. Plaintiff filed a response at **ECF No. 22** and defendants replied at **ECF No. 24**.

For the following reasons the motion to dismiss at **ECF No. 15** is **GRANTED**.

## I.   Procedural Background

On May 8, 2020, plaintiffs Ángel Hernández-Ortiz ("Hernández-Ortiz") and Yamilet Gloria Bazán-Maisonet,[1] filed a complaint against defendants for violations of several federal and local laws. **ECF Nos. 1, 3**. On September 18, 2020, defendants filed their answer to the complaint. **ECF No. 14.** On even date, defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint fails to state a claim for relief. **ECF No. 15**. Defendants also

---

[1] "[P]er se and in representation of their minor child[] YB." **ECF No. 3**.

filed a motion requesting a stay of the discovery pending resolution of their motion to dismiss.

**ECF No. 16.** Plaintiffs filed a response to defendants' motion to dismiss. **ECF No. 22**. However,

plaintiffs did not oppose defendants' request for stay of the discovery. Defendants filed a reply

to plaintiffs' response to the motion to dismiss. **ECF Nos. 24, 25**.

Given the fact that defendants submitted their answer to the complaint, the Court granted

the unopposed motion for stay of the discovery pending resolution of the motion to dismiss.

**ECF No. 28**.

## II.    Legal Standard

In reviewing a motion for failure to state a claim upon which relief must be granted, the

Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable

inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49,

52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). "[A] complaint must

contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

*Id.* at 53 (quoting Fed. R. Civ. P. 8(a)(2)). "While detailed factual allegations are not necessary to

survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain

more than a rote recital of the elements of a cause of action" and "must contain sufficient factual

matter to state a claim to relief that is plausible on its face." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S.

662, 678–79 (2009)) (additional citation and internal quotation marks omitted). To ascertain

plausibility, "the court must sift through the averments in the complaint, separating conclusory

legal allegations (which may be disregarded) from allegations of fact (which must be credited)."

*Id.* Then, "the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief." *Id.* (noting that a complaint need not "establish a prima facie case" to defeat a Rule 12(b)(6) motion to dismiss). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (*en banc*).

## III.    Discussion

### A.    The complaint

As discussed herein, the complaint's narrative and organization are quite difficult to follow. However, the Court will construe plaintiffs' allegations in the light most favorable to them. With that in mind, the Court will now try to summarize the complaint's allegations and draw all reasonable inferences in plaintiffs' favor.

According to the complaint, on or around 2008, Hernández-Ortiz became a member of the Guaynabo Municipal Police. **ECF No. 3** at 4. Plaintiffs claim Hernández-Ortiz was openly affiliated to the political party known as the New Progressive Party. *Id*. The Mayor and Municipal Legislature of Guaynabo were also "affiliated" to the New Progressive Party. *Id*. In 2012, however, Hernández-Ortiz, met with Guayama's Mayor to request a transfer to the Municipal Police of Guayama. *Id*. The transfer was eventually approved. *Id*. No specific date was mentioned in the complaint.

While working for the Municipality of Guayama, Hernández-Ortiz alleges he "suffered violations to his civil rights, due process, discrimination, labor law violations (state and federal law), retaliation/reprisals, personal damages under article 1802 and 1803, HIPAA, Privacy Act." *Id*. After these allegations concerning Hernández-Ortiz's employment history, the complaint jumps to a list of "several… [illegal] acts," allegedly committed by defendants. To wit and citing *verbatim*:

> a. illegal filing of criminal charges and investigations; illegal release of his medical records to third parties; b. illegal release of his confidential documents/records containing personal information to third parties; c. endangering Mr. Hernández' life and physical security when posting (sic) him as a law enforcement officer in remote areas without any means communications['], unarmed, alone, without his assigned baton and without any means of transportation at a facility without power (and sometimes without any bathroom) for over eight hours; d. illegally intervening and/or interfering in (sic) Mr. Hernández legal & administrative procedures not related to his work/job; e. spreading false and sensitive confidential information to third parties to affect him, endangering Mr. Hernández' life and physical security when spreading the rumor that he was an undercover federal agent assigned to Guayama; f. disclosing to third parties that he participated in joint operations with other agencies while working in Guaynabo; g. disclosing to third parties that he was leading the local operations ending in the capture of most (sic) wanted criminal while working as a law enforcement officer in Guayama; h. illegally revoking his regular leave; i. illegal discharge (constructive); [and] j. Retaliation/reprisal started after filing a complaint before the EEOC.

*Id*. at 4-5. Right after the list cited above, and without further explanation, plaintiffs assert that Hernández-Ortiz suffered discrimination due to his "political… and [] religious beliefs." *Id*., at 5. Plaintiffs added that Hernández-Ortiz obtained a notice of right to sue on February 4, 2020 in connection with a charge he filed a year before at the Equal Employment Opportunity

Commission ("EEOC"). *Id*. at 5. However, the complaint contains no further allegations with information related to the EEOC charge. Thus, the Court does not know what was alleged in the EEOC charge or the identity of the party it was filed against.

Right after these allegations, the complaint includes several causes of action. In their first cause of action, plaintiffs assert violations to Hernández-Ortiz's rights under Americans With Disabilities Act (ADA) because he was "discriminated, harassed and questioned when he requested medical leave." *Id*., at 6. However, there are no factual allegations whatsoever explaining the discrimination, harassment or other conduct. Instead, plaintiffs included four paragraphs with block quotes and caselaw citations. *Id*.

In their second cause of action, plaintiff assert Hernández-Ortiz "suffered defamation (libel and slander)." *Id*., at 8. In support, plaintiffs allege that defendants "intentionally and with malice, started a campaign of defamation… made false statements that unjustly harms plaintiff's reputation. Co-defendants appeared before the State Court of Guayama and requested the Court to reverse a decision granting Plaintiff a permit to carry a conceal weapon. They even conducted press conferences to defame plaintiff publicly, they wrote several press releases defaming plaintiff again." *Id*., at 7-9. Nothing else is stated in regard to his defamation claim.

The third cause of action is comprised of two paragraphs. The first paragraph, claims that Hernández-Ortiz was dismissed "from his job at the Municipal Police of Guayama, without any cause, illegally, intentionally and without any due process." *Id*., at 8. Aside from that statement, the rest of the allegations in this cause of action are block quotations and caselaw citations. *Id*.

The fourth cause of action requests damages under Puerto Rico tort law. Not a single fact is stated in this one-paragraph cause of action. *Id.*, at 8-9.

The fifth cause of action simply states that Hernández-Ortiz's rights under Puerto Rico "Law 80" and federal laws against retaliation were violated. Not a single factual allegation was included. *Id.*, at 9.

In their sixth cause of action, plaintiffs make reference to *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971),* but include no factual allegations. *Id.*, at 9.

Plaintiffs' seventh cause of action claims that Hernández-Ortiz's dependents and the "conjugal partnership" suffered damages as a result of defendants' conduct toward Hernández-Ortiz. *Id.*, at 9-10.

Right after listing the causes of actions, plaintiffs' complaint incorporates several paragraphs describing the amounts of damages they request, which ascend to $3,175,000.00. *Id.*, at 10-13.

As discussed herein, plaintiffs filed the instant action under 42 U.S.C. sec. 1983. **ECF Nos. 3, 22**. Thus, the Court will first address plaintiffs' claims under federal law.

**B.      Claims pursuant to federal law**

**(a)      Americans With Disability Act (first cause of action)**

As discussed before, plaintiffs simply assert that "Hernández-Ortiz['s] rights under the provision of the American[s] with Disabilities Act ("ADA") were violated… he was

discriminated, harassed[,] and questioned when he requested medical leave." **ECF No. 3** at 6.[2] Notably, plaintiffs do not assert any fact in support.

Plaintiffs concede that "[t]o state a claim of disability discrimination under… ADA, [plaintiffs] needed to allege facts showing that (1) he was disabled within the meaning of the Act; (2) he could perform the essential functions of his job, with or without reasonable accommodation, and (3) the employer took adverse action against him, in whole or in part, because of his disability." **ECF No. 3** at 6 *(citing Román–Oliveras v. Puerto Rico Elec. Power Auth.,* 655 F.3d 43, 48 (1st Cir. 2011)).

Despite the fact that plaintiffs admitted they "needed to allege facts," they fail to state factual allegations in connection with their ADA claims. As a threshold matter, the Court notes that plaintiffs do not assert having any type of disability within the meaning of ADA. More specifically, plaintiffs do not assert or reference any physical or mental impairment, being regarded as having such an impairment, or any way or degree in which the impairment affects their life. Nor does the complaint include factual allegations from which the Court could infer or assume the existence of a disability. *See Arroyo-Ruiz v. Triple-S Mgmt. Grp.,* 206 F. Supp.3d 701, 711 (D.P.R. 2016)(factoring in factual allegations regarding plaintiff's health problems).

Reading the complaint in the light most favorable to plaintiffs, the only statement that could be paired-up with an ADA claim is plaintiffs' lonely conclusion which states "h. illegally

---

[2] The second and third paragraphs of plaintiffs' first cause of action contain block quotes of First Circuit Court of Appeals caselaw, yet they fail to include a single factual allegation in support.

revoking his regular leave." **ECF No. 3** at 5. However, the complaint does not explain with factual allegations what does plaintiffs mean by that. Clearly, there are no other statements in the complaint that could be read together with plaintiffs' claims under ADA or that would support an inference in plaintiffs' favor.

Plaintiffs also failed to include allegations stating a plausible causation between their "disability" (if any) and codefendants' actions. Aside from conclusory statements, nothing in the complaint addresses defendants' adverse actions, in whole or in part, related to or triggered by the perception of a disability. Notably, Hernández-Ortiz's employment termination is not described in the complaint and is not linked to any conceivable impairment. While there is one averment claiming Hernández-Ortiz's rights under ADA were violated by defendants' discriminatory actions in the complaint's first cause of action, plaintiffs never explained what about defendants' actions was discriminatory or in violation of his rights under ADA.

Even if the Court construed the allegations in the complaint as stating some sort of plausible claim under ADA, plaintiffs failed to allege that they exhausted the available administrative remedies in connection with defendants' purported ADA violations. *See Bonilla v. Muebles J.J. Álvarez, Inc.*, 194 F.3d 275, 277 (1st Cir. 1999). Moreover, because plaintiffs failed to include information regarding their EEOC complaint, the Court cannot assume that it listed or included the ADA "violations" they now assert via the instant complaint. Furthermore, plaintiffs' failure to indicate the date of Hernández-Ortiz's dismissal bars any inference on the nature, content, and extent of the EEOC charge.

For all the above, plaintiffs' threadbare ADA assertions certainly lack thrust to cross the "line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 U.S. at 680.

**(b)      Due process (third cause of action)**

In their third cause of action, plaintiffs literally claim that: "Hernández-Ortiz['s] rights under the provisions of the property interest (sic) for due process purposes. (sic) He was dismissed/fired from his job at the Municipal Police of Guayama, without any cause, illegally, intentionally and without any due process." **ECF No. 3** at 8. Other than a bundle of legal citations, these two incomplete sentences constitute the entirety of plaintiffs' allegations in connection with their third cause of action.

These vague assertions of violations of federal law fail to state a plausible claim. "To survive Rule 12(b)(6) dismissal, [a plaintiff['s] well-pleaded facts must 'possess enough heft to sho[w] that [plaintiff is] entitled to relief.'" *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008). The purpose of a pleading is to protect a defendant's "inalienable right to know in advance the nature of the cause of action being asserted against him." *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995). Here, it cannot be said that the complaint forewarned defendants of the claims asserted by plaintiffs because no claims or underlying facts were properly identified, much less explained. Moreover, most of plaintiffs' allegations are conclusory statements or recitals of law. As such, they fall quite short of giving notice to defendants of the conduct for which they are called upon to defend in this action.

First, concluding that the employment termination was "illegal" and in violation of the due process of law gets plaintiffs nowhere near the realm of plausibility. Plaintiffs do not complain about a deprivation of a hearing or an opportunity to be heard before his dismissal. Nor do plaintiffs assert whether Hernández-Ortiz tried to ascertain any right to defend himself from an adverse employment action or whether those rights were denied by defendants. Furthermore, the complaint contains no allegations asserting that defendants failed to provide due notice, if any at all, in connection with the alleged dismissal. As a matter of fact, the complaint is silent as to how Hernández-Ortiz came to be ousted from his position and the employment circumstances leading up to that point. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 134 (1st Cir. 2005); *Figueroa–Serrano v. Ramos–Alverio,* 221 F.3d 1, 5–6 (1st Cir. 2000).

Aside from the fact that plaintiffs sued Guayama's Mayor, the "Commissioner of Municipal Police of Guayama," and the "Inspector of Municipal Police of Guayama," the complaint fails to set forth any factual allegation pointing to the person or persons within the Municipal Police force or Municipality that took any participation in the adverse action. Likewise, the complaint also fails to include a scintilla of factual allegations proposing that plaintiffs were denied a due process.[3] The complaint asserts, without more, that Hernández-Ortiz worked for the Municipal Police of Guayama and that he was terminated. However, the combination of those two facts does not implicate a due process violation absent factual allegations showing a plausible claim for relief.

---

[3] **ECF No. 3** at 3.

As discussed before, among the complaint's list of violations, plaintiffs included some statements complaining about working conditions. **ECF No. 3** at 5-6 ("c. endangering Mr. Hernández' life and physical security when posting him as a law enforcement officer in remote areas without any means communications, unarmed, alone, without his assigned baton and without any means of transportation at a facility without power (and sometimes without any bathroom) for over eight hours.") Plaintiffs' brief protest about his working conditions, also miss the mark under the due process clause. "The Due Process Clause 'is not a guarantee against incorrect or ill-advised personnel decisions. Nor does it guarantee municipal employees a workplace that is free of unreasonable risks of harm.'" *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 129 (1992)(quoting *Bishop v. Wood*, 426 U.S. 341, 350 (1976)). Thus, no matter the angle or the degree of leniency with which one reads the complaint, the fact of the matter is that plaintiffs failed to state a plausible due process claim.

### (c)     Bivens claims (sixth cause of action)

Plaintiffs' sixth cause of action literally reads: "Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). All actions against public state officials should be allowed due to the recent opinions of the US Supreme Court, clearly establishing that the Government of the Commonwealth of Puerto Rico was created by federal law, so its actions (in criminal cases) should be considered as actions by the Federal Government." **ECF No. 3** at 9.

Plaintiffs' *Bivens* claims fare no better under Rule 12(b)(6). In what can only be construed as an attempt to create federal question jurisdiction, plaintiffs conjure a noteworthy theory

standing for the proposition that "all actions against [Puerto Rico] officials should be allowed" as *Bivens* federal claims because "the US Supreme Court[] [] establish[ed] that the Government of the Commonwealth of Puerto Rico was created by federal law, so its actions (in criminal cases) should be considered as actions by the Federal Government." **ECF No. 3** at 9. However, the *Bivens* doctrine was created to allow certain claims against federal officials in their individual capacities for actions under color of federal law. *See Quintana-Dieppa v. Dept. of the Army*, CV 19-1277 (ADC), 2020 WL 1493909, at *3 (D.P.R. Mar. 25, 2020)(citing *McCloskey v. Mueller*, 446 F.3d 262, 271-272 (1st Cir. 2006); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971)). Since no allegation in the complaint indicates the participation of federal employees or actions taken under color of federal law, the Court does not need to entertain this theory any further. Thus, there are no well-pleaded allegations plausibly stating a claim for relief under *Bivens*.

      **(d)**    **Other "causes of action" under federal law**

Even though not accurately formulated as claims or causes of action, several other federal statutes are mentioned in passing throughout the complaint. For example, plaintiffs cited the "Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9)," and "HIPPA." **ECF No. 3** at 1. However, absolutely nothing in the complaint is added with regards to these scant citations of federal laws. Accordingly, these legal citations also fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Equally fleeting are plaintiffs' vague claims of political and religious discrimination. Plaintiffs failed to include factual allegations regarding the basic elements to give defendants notice of a political discrimination claim. But more importantly, the "cumulative effect of the complaint's factual allegations" is also insufficient even under non-stringent pleading parameters. *See Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). For starters, nothing in the complaint is said about the Municipality of Guayama's or its officials' political views or affiliations, nor does it provide information about their appointment or public election. Ultimately, other than stating that plaintiffs fell victims to political discrimination, the complaint does not suggest that defendants' political affiliation was different to their own or, for that matter, that it played any part in Hernández-Ortiz's dismissal.

Even if the Court pieced together every single allegation in the complaint, the result would still not be enough to ascertain a plausible claim for political discrimination. Plaintiffs did not include any information regarding the person or persons that acted with animus toward Hernández-Ortiz. Consequently, it is impossible for the Court to infer that such person, acting under color of state law, took adverse action against Hernández-Ortiz because he was affiliated to the New Progressive Party. Likewise, the Court cannot simply jump to the conclusion-- because there are no factual allegations-- that the entire Municipality of Guayama or high-ranking officials such as defendants acted against Hernández-Ortiz under a political banner.

Moreover, the complaint states that Hernández-Ortiz's transfer to Guayama "commenced immediately" in 2012. Yet, the complaint offers no approximate date in which he

began experiencing the alleged political discrimination or the time when actions constituting a "constructive" discharge took place. Even if the Court assumed that Guayama officials' political preferences were in open conflict with Hernández-Ortiz's known beliefs, there are no factual allegations regarding any incident that, under the most liberal reading, would hint that a political flag was a substantial or motivating factor behind the adverse action.[4]

According to an online search into Guayama's political history, the Popular Democratic Party (rival of the New Progressive Party) assumed office and has retained control of Guayama since the November 2012 elections, the same year Hernández-Ortiz requested to be transferred to Guayama.[5] Because plaintiffs did not plead any discriminatory conduct or approximate date of such events, the Court cannot assume any political bias. If anything, the fact that Hernández-Ortiz was employed by Guayama ever since the Popular Democratic Party assumed office in the Municipality of Guayama, works against plaintiffs' claims. To wit, Hernández-Ortiz's years of service under a Popular Democratic Party administration suggests that his dismissal was not politically driven. It would not be reasonable to infer that a municipality controlled by Popular Democratic Party for many years would wait approximately 8 years to get rid of a non-policy-maker employee.

---

[4] The same rings true for plaintiffs' lonesome claim of religious discrimination, which is backed by no allegation whatsoever. As a matter of fact, there is no indication of plaintiffs' or defendants' religious beliefs.

[5] Public officials elected on the November 2012 elections, took public office by January of the following year, in this case, 2013.

### C.      Plaintiffs' response in opposition to defendants' motion to dismiss

This Court's conclusion is bolstered by plaintiffs' response to defendants' motion to dismiss. Without admitting as much, plaintiffs implicitly recognized their failure to state a claim in their response at **ECF No. 22**.

For example, plaintiffs argued in their response that the complaint "proffered facts for a… First Amendment [v]iolation," "established a pattern" of defendants' violations under ADA, "set forth facts to establish a claim of a due process violation… Fifth Amendment/or a *Bivens* claims." **ECF No. 22** at 5. However, the complaint makes no mention of the First Amendment. In their response at **ECF No. 22**, plaintiffs did not explain exactly where in the complaint they raise First Amendment claims and the allegations in support thereof. Instead, via motion in response, plaintiffs for the first time included factual allegations attempting to convince the Court they "proffered facts for a 42 U.S.C. § 198 (sic) First Amendment Violation." *Id*. at 5. Plaintiffs' untimely and improper efforts to insert factual claims supporting a First Amendment claims are unavailing.

Moreover, in their response plaintiffs explain for the first time that co-defendants William Martínez-Gómez and José Torres-Suárez interfered in Hernández-Ortiz's state court proceedings captioned *Hernández-Ortiz, Ex Parte*, Civ. No. GPA 2018-0029. *Id*. at 10. The Court however, does not know what these state court proceedings are for or the nature of the same. Plaintiffs assert that, even though these two co-defendants were not parties to the state court proceedings, they asked the Court to be allowed to present evidence against Hernández-Ortiz

including his employment file, medical records, "a copy of an alleged criminal investigation against [him] and a copy of an alleged administrative complaint against [him] being conducted by Municipality of Guayama." **ECF No. 22** at 10.

In their response, plaintiffs also assert that during the state court proceedings co-defendants William Martínez-Gómez and José Torres-Suárez "made a request to the Prosecutor" for an opportunity to show that Hernández-Ortiz represented and "imminent danger… due to 'known criminal activity.'" *Id*., at 10. Because of co-defendants William Martínez-Gómez and José Torres-Suárez's statements during the state court proceedings, plaintiffs add, the state court ruled against Hernández-Ortiz. *Id*. Yet, the Court still does not know the nature of those proceedings. According to the statements in the response, co-defendants William Martínez-Gómez and José Torres-Suárez continued making similar negative remarks in "radio programs and interviews." *Id*. Moreover, plaintiffs assert that defendants intentionally "used plaintiff's medical record to initiate a criminal investigation and press criminal charges against him." *Id*.

Moreover, in their response plaintiffs also aver that Hernández-Ortiz "was on sick leave properly reported but was charged with absence without leave." *Id*. at 12. They further assert that Hernández-Ortiz tendered a letter of resignation "indicating suffering due to the wrongdoing and actions of defendants against him." However, defendants rejected the letter. Defendants "initiated" yet another "criminal investigation against" Hernández-Ortiz "as

retaliation/reprisal." Plaintiffs added that defendants accepted Hernández-Ortiz's second letter of resignation only after he filed the EEOC charges. *Id*.

All these allegations are missing from plaintiffs' operative pleading. Without a doubt, these factual allegations were necessary (although maybe not sufficient) to state a plausible claim for relief under the federal statutes referenced throughout the complaint. Not only do these allegations provide averments pertaining to the elements of some of plaintiffs' causes of action, but they also serve as a minimum notice required pursuant to Fed. R. Civ. P. 8.

Unfortunately for plaintiffs, front and center of the two-step test under Fed. R. Civ. P. 12(b)(6) are the allegations included in the complaint, not statements proffered by way of a motion in response to defendants' motion to dismiss. *Young v. Lepone*, 305 F.3d 1, 10–11 (1st Cir. 2002)("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint.").[6] Plaintiffs made no attempt to convince the Court otherwise nor did they provide any reference to authority supporting a deviation from the general rule that limits the scope of the review under Fed. R. Civ. P. 12(b)(6) to the complaint and the documents incorporated therein. Consequently, plaintiffs' attempt to introduce factual allegations through their motion in response at **ECF No. 22** is unavailing.

---

[6] The limited exceptions to this four corners-type of analysis are not applicable here. *See Rivera v. Marriott Intl., Inc.*, 456 F. Supp.3d 330, 335 (D.P.R. 2020) ("at the motion to dismiss stage, a Court may consider: (1) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (2) 'facts' susceptible to 'judicial notice,' and (3) 'concessions' in plaintiff's 'response to the motion to dismiss.'" (*quoting Nieto-Vicenty v. Valledor*, 984 F. Supp.2d 17, 20 (D.P.R. 2013)).

Accordingly, the Court finds that under the applicable "context-specific" test and drawing on the Court's "judicial experience and common sense" (*see Iqbal*, 556 U.S. at 679) the complaint's well-plead allegations fail to state a claim. The factual allegations that remain after sifting through the complaint's conclusory statements are, without a doubt, "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)(*en banc*).

## IV.    Conclusion

Despite numerous references to federal laws, there are no well-pleaded factual allegations in the complaint that, taken as true, state a plausible claim for relief. Plaintiffs failed to plead factual allegations in support of the complaint's legal "framework." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Instead of factual allegations, plaintiffs "simply thr[e]w [] statutory reference[s] into [the] complaint hoping to later flesh out [their] claim[s] with facts in support." *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 88 (1st Cir. 2008). Thus, even though a favorable reading of plaintiffs' allegations arguably "permit the court to infer… the possibility of misconduct," plaintiffs needed to plead something "more." *Id*. at 679. Therefore, dismissal of plaintiffs' federal claims is proper. Because a "claim under Section 1983… must 'allege the violation of a right secured by the Constitution and laws of the United States[,]'" *Borrás-Borrero v. Corporación del Fondo del Seguro de Estado*, 958 F.3d 26, 35 (1st Cir. 2020), plaintiffs' Puerto Rico law claims brought under this Court's supplemental jurisdiction are dismissed without prejudice to their reassertion in state court.

Finally, instead of moving to amend the complaint, plaintiffs chose to file a motion in response attempting to incorporate factual allegations necessary to properly state their claims for relief. Aside from filing such motion in response, plaintiffs did not move for leave to file a sur-reply nor did they oppose defendants' request to stay the discovery pending resolution of their motion to dismiss, which clearly signaled the insufficiency of the allegations in the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Finally, as discussed above, plaintiffs ostensibly realized their failure to state a claim while preparing their motion in response at **ECF No. 22**. Yet, they did not move to amend the complaint.

Accordingly, defendants' motion to dismiss at **ECF No. 15** is **GRANTED**. Consequently:

- Plaintiffs' federal claims are hereby **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

- The remaining state law claims are likewise **DISMISSED WITHOUT PREJUDICE** to their reassertion in state court. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir. 1998).

Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2021.

                                        **S/AIDA M. DELGADO-COLÓN**
                                        **United States District Judge**